**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Danny K. CORLEY, Defendant–
Appellant.**

**No. 91–4074
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 28, 1991.

Johnny P. Arnold, Texarkana, Tex. (Court-appointed), for defendant-appellant.

Tonda L. Curry, Asst. U.S. Atty., Tyler, Tex., Bob Wortham, U.S. Atty., Beaumont, Tex., for plaintiff-appellee.

Before KING, GARWOOD and DUHÉ, Circuit Judges.

PER CURIAM:

Defendant-appellant Danny K. Corley (Corley) appeals from his criminal sentence for burglary of a post office in violation of 18 U.S.C. § 2115. He contends that (1) the district court erred by denying him a downward adjustment in his offense level for being a minor participant; (2) the structure of United States Sentencing Guidelines (Guidelines) § 5K1.1 violated his right to due process; and (3) the district court erred by departing upward from the prescribed sentencing range without providing an acceptable reason for the departure. We find no merit to Corley's first and second contentions. As to Corley's third contention, we find that, although the district court incorrectly calculated Corley's criminal history points, a correct calculation would have placed Corley within the criminal history category the district court actually used to adjust upward. Because the district court adequately explained that an increased sentence was necessary to properly reflect Corley's extensive criminal history, we need not inquire into the court's reasons for choosing a sentence of 48 months. We therefore affirm Corley's conviction and sentence.

## I. *Background*

Corley and Jack Edmond Ross (Ross) were arrested at approximately 12:45 a.m. on August 24, 1990, as they exited the front door of the Scroggins, Texas, post office. Corley and Ross had removed the side door of the post office and entered the building to inspect the safe and remove any money they found. Ross reconnoitered the work area of the post office while Corley stood in the lobby and acted as a lookout. Both men were wearing gloves and possessed tools when they were arrested.

Pursuant to a plea agreement, Corley pleaded guilty to burglary of a post office. The district court accepted Corley's plea. The district court calculated Corley's offense level as 10 and his criminal history score as 12, thus placing Corley in criminal history category V. The Guidelines provide a range of 21–27 months imprisonment for a defendant in criminal history category V with an offense level of 10. United States Sentencing Commission, *Guidelines Manual*, Ch. 5, Pt. A, Sentencing Table (Nov. 1990). The district court departed from the Guidelines range and imposed a prison term of 48 months and three years of supervised release. Corley filed a timely notice of appeal.

## II. *Discussion*
### A. *Minor Participation*

Corley contends that the district court erred by finding that he was not a minor participant in the post office burglary and accordingly not granting Corley a two level reduction in his offense level. Based on the record evidence, we hold that the district court's finding that Corley was not a minor participant is not clearly erroneous.

The Guidelines provide that a district court should decrease a defendant's offense level by two levels if the defendant was a minor participant in the offense. U.S.S.G. § 3B1.2(b). "[A] minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." *Id.*, comment. (n.3). Section 3B1.2 "provides a range of adjustments for a

defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (backg'd.). Minor or minimal participant status is a factual determination, not a legal conclusion, which this court will affirm unless clearly erroneous. *United States v. Franco-Torres*, 869 F.2d 797, 801 (5th Cir.1989). A finding of fact is not clearly erroneous so long as it is plausible in light of the record read as a whole. *United States v. Fields*, 906 F.2d 139, 142 (5th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 200, 112 L.Ed.2d 162 (1990).

■ The degree of a defendant's culpability is a "sophisticated factual determination[ ]" that " 'depend[s] upon an assessment of the broad context of the crime.' " *United States v. Buenrostro*, 868 F.2d 135, 137 (5th Cir.1989) (quoting *United States v. Mejia–Orosco*, 867 F.2d 216, 221 (5th Cir. 1989)), *cert. denied*, 495 U.S. 923, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990). Nevertheless, a "simple statement that the defendant was not a 'minor participant' [will] suffice as a factual finding." *Id.* A defendant bears the burden of proving mitigating factors. *United States v. Cuellar-Flores*, 891 F.2d 92, 93 (5th Cir.1989). The district court's finding that Corley was not a minor participant is not clearly erroneous.

■ Corley contends that he was a minor participant because Ross was the only participant who entered the "work area" of the post office, while Corley stood in the lobby; Ross was the participant who damaged the post office; Corley wore no gloves nor possessed any burglar tools while in the post office; and no property was missing from the post office. The district court found that Corley was wearing gloves when arrested; that he possessed a pair of pliers when arrested; and that Corley acted as a lookout for Ross. The district court's findings are supported by the statements of police officers and a postal authority reflected in the Presentence Report (PSI). Because the evidence amply supports the conclusion that Corley was not substantially less culpable than

Ross, we hold that the district court's finding as to Corley's role in the offense was not clearly erroneous.

### B. *Due Process*

Corley contends for the first time on appeal that the structure of the Guidelines' provision § 5K1.1 denied him due process. The provision allows a court to depart downward from a sentencing range yielded by the Guidelines if the Government files a motion stating that a defendant provided substantial assistance to authorities in criminal investigations and prosecutions of other people. U.S.S.G. § 5K1.1. Corley contends that the provision, by requiring a motion by the Government to trigger its operation, precluded him from presenting evidence of his alleged cooperation with the Government and from arguing for a downward departure in the district court. This court need not address Corley's contention.

■ This court will not consider issues raised for the first time on appeal unless they are purely legal issues and refusal to consider them would result in manifest injustice. *United States v. Garcia–Pillado*, 898 F.2d 36, 39 (5th Cir.1990). No manifest injustice would result from this court's refusal to consider Corley's contention that U.S.S.G. § 5K1.1 violates his right to due process. While the Guideline does require that the Government file a motion to trigger the operation of § 5K1.1, it "obviously does not preclude a district court from entertaining a defendant's showing that the government is refusing to recognize ... substantial assistance." *United States v. White*, 869 F.2d 822, 829 (5th Cir.), *cert. denied*, 490 U.S. 1112, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989). Corley, moreover, made no showing in the district court that he provided assistance to the Government.

### C. *Upward Departure*

Corley, finally, contends that the district court's departure from a sentencing range of 21–27 months to a sentence of 48 months was unreasonable. We hold that while the district court's calculation of Corley's criminal history points was incorrect, it led the court to the correct criminal history catego-

ry. The court then adequately explained its general basis for an upward departure. That is all that is required for this court to affirm the sentence.

The district court accepted the probation officer's calculations of Corley's offense level and criminal history, but then departed upwards from the resulting sentencing range because the calculations did not adequately reflect Corley's criminal history. The probation officer calculated Corley's base offense level as 12, which he reduced by two levels for acceptance of responsibility, thereby arriving at a total offense level of 10. The probation officer calculated Corley's criminal history score as 12, thus placing Corley in criminal history category V.

A summary of Corley's criminal history, as indicated by the PSI, follows. Corley, on October 27, 1980, was sentenced to ten years of probation for two burglaries in Hopkins County, Texas; to ten years probation, to be served concurrently with the burglary terms, for two thefts of over $200; and to ten years probation, to be served concurrently with his other terms, for burglary of a vehicle. These sentences were revoked on December 27, 1982, and a ten-year term of imprisonment was imposed. For these sentences, the probation officer awarded Corley a total of three criminal history points.

On February 5, 1982, Corley was sentenced to five years imprisonment for burglary and theft in Benton County, Arkansas. The probation officer awarded Corley three criminal history points for this sentence.

On December 29, 1982, Corley was sentenced to twenty years imprisonment for burglary of a building in Delta County, Texas. The probation officer awarded Corley no criminal history points because the Delta County sentence was imposed to run concurrently with the terms of imprisonment resulting from the revocations of Corley's Texas probation. Corley was released on parole on August 19, 1986.

On April 27, 1988, Corley was sentenced to twenty years imprisonment for theft of over $20,000 in Collin County, Texas. On May 12, 1988, he was sentenced to twenty years imprisonment for burglary of a building in Delta County, Texas. On May 17, 1988, he was sentenced to two concurrent twenty-year terms of imprisonment for (1) burglary of a habitation and (2) burglary of a building in Hopkins County, Texas. Corley's April and May 1988 sentences were imposed to be served concurrently. The probation officer awarded Corley a total of three criminal history points for the three convictions.

Corley was released on parole on January 24, 1990. He was arrested at the post office on August 24, 1990, seven months later. The probation officer added two criminal history points because Corley committed his offense while on parole, and one point because Corley committed his offense less than two years after release from imprisonment. See U.S.S.G. § 4A1.1(d), (e).

■ The probation officer miscalculated Corley's criminal history score, based on the mistaken belief that convictions resulting in concurrent sentences are necessarily related for purposes of calculating criminal history scores. A sentencing court is to compute sentences based on different convictions separately when calculating a defendant's criminal history score, unless the cases are related. U.S.S.G. § 4A1.2(a)(2). " 'Cases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.' ... Convictions are not 'related' because the sentences run concurrently." *United States v. Castro–Perpia*, 932 F.2d 364, 366 (5th Cir.1991) (quoting U.S.S.G. § 4A1.2, comment. (n.3)) (other citations omitted). The probation officer thus should have added three points to Corley's criminal history score for his 1982 Texas conviction, and nine points rather than three for Corley's 1988 convictions. Corley's criminal history score thus should have been twenty-one rather than twelve. This would have placed him in criminal history category VI. *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table.

Although the district court adopted the probation officer's calculation of Corley's criminal history points, it ultimately placed

Corley in criminal history category VI. The district court's calculation, however, was not based on the Guidelines' suggested formula, described above, but on an arbitrary system in which each and every conviction, including "related cases," was separately allotted criminal history points. Finding that Corley's criminal history score, as calculated by the probation officer, understated Corley's criminal history, the court reassigned points (in a manner inconsistent with the Guidelines), attributing three points to each of eleven convictions and thereby arriving at thirty-three points, to which it added three points because Corley committed his offense while on probation and within two years of his release from prison. The district court thus arrived at a total of thirty-six criminal history points.

The district court noted that this recalculation, made to reflect Corley's true criminal history, placed him in criminal history category VI and that the sentencing range for a defendant in that category with an offense level of 10 is 24–30 months. The district court then informed Corley that, "[i]n your case, the criminal history points would be more than double the points assigned to criminal history category 6, and thus the assigned imprisonment range of 24 to 30 months could be doubled to 48 to 60 months." The district court then sentenced Corley to 48 months imprisonment.

■■■ A district court may depart upward from the range of imprisonment provided by the Guidelines whenever the district court "finds that ... an aggravating ... circumstance [exists that was] not adequately taken into consideration by the Sentencing Commission...." 18 U.S.C. § 3553(b). This court will affirm an upward departure that is within statutory limits so long as the departure does not constitute a " 'gross abuse of discretion.' " *United States v. Murillo*, 902 F.2d 1169, 1171 (5th Cir.1990). "When departing from the guidelines, however, the district court must articulate reasons justifying the upward departure. If the reasons are 'acceptable' and 'reasonable,' this Court will affirm." *Id.* at 1172.

A district court may depart upward from the Guideline range should it find that a defendant's criminal history score "does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes...." (quoting *U.S. v. Juarez–Ortega*, 866 F.2d 747, 748 (5th Cir. 1989)) U.S.S.G. § 4A1.3. The district court may consider, *inter alia*, "information concerning ... prior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions." U.S.S.G. § 4A1.3(b). The Sentencing Commission intended that district courts "use, as a reference, the guideline range for a defendant with a higher ... criminal history category...." U.S.S.G. § 4A1.3. The Commission recognized that, in some cases, even a criminal history category of VI may not be "adequate to reflect the seriousness of the defendant's criminal history," and that courts may depart above the range provided for defendants in criminal history category VI in such cases. *Id.* A district court's finding that circumstances exist justifying a departure in such cases will be affirmed so long as it is not clearly erroneous. *United States v. Roberson*, 872 F.2d 597, 608 (5th Cir.), *cert. denied*, 493 U.S. 861, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989). Under these circumstances, we defer to the district court's method of arriving at the precise length of the sentence. "[O]nce a district court has stated appropriate reasons allowing departure, 'the precise length of the sentence [based on the departure] need not be justified.' " *United States v. Rogers*, 917 F.2d 165, 169 (5th Cir.1990) (quoting *United States v. Geiger*, 891 F.2d 512, 514 (5th Cir.), *cert. denied*, 494 U.S. 1087, 110 S.Ct. 1825, 108 L.Ed.2d 954 (1990)); *see also Roberson*, 872 F.2d at 607.

■■■ Corley's criminal history points, when correctly calculated, were well above the minimum needed to place him within the precise category that the district court placed him in—category VI. The district court then gave an adequate explanation for its general decision to depart upward when it found that the Guidelines did not adequately reflect Corley's criminal history. Our cases require only that the district

**106**

court explain the general reason for an upward departure, not the reason for choosing the actual length of the sentence. Thus, once the district court explained that the Guidelines did not give adequate weight to Corley's extensive criminal history, it was under no obligation to justify its selection of a 48–month sentence.

### III. *Conclusion*

For the foregoing reasons, the conviction and sentence are AFFIRMED.