PER CURIAM:
 

 This is the second time that this case has been before us. The United States Supreme Court vacated our original affir-mance of Danny Corley’s conviction and sentence for burglary of a federal post
 
 *186
 
 office,
 
 United States v. Corley,
 
 967 F.2d 101 (5th Cir.1991), and remanded in light of
 
 Williams v. United States,
 
 — U.S.-, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992).
 
 See Corley v. United States,
 
 — U.S.-, 112 S.Ct. 2932, 119 L.Ed.2d 558 (1992). We now vacate Corley’s sentence and remand to the district court.
 

 I.
 

 A full recitation of the relevant facts of this case is adequately set forth in our prior decision.
 
 See Corley,
 
 967 F.2d at 104. As the Government concedes, “it is undisputed that there was an incorrect application of the Guidelines in this case.” In particular, the district court erred in calculating Corley’s criminal history score to be 36. A correct application of the Guidelines would have yielded a score of 21.
 

 II.
 

 Williams
 
 requires that, in a case where a district court has misapplied the Guidelines, “[a] remand is appropriate unless the reviewing court concludes that the error was harmless,
 
 i.e., that the error did not affect the district court’s selection of a sentence.”
 
 — U.S. -, 112 S.Ct. at 1120-21 (emphasis added). The burden of proving a misapplication of the Guidelines is on the party challenging the sentence on appeal; however, after this, the burden shifts to the party defending the sentence on appeal to prove that “but for” the misapplication of the Guidelines, the district court would have imposed an identical sentence.
 
 Id.
 
 at-, 112 S.Ct. at 1121.
 

 In the instant case, the Government has not convinced us that, had the district court in the first place correctly calculated Cor-ley’s criminal history score to be 21, the court still would have departed upward to the same sentence of 48 months. To understand our position, the district court’s reasoning process in sentencing Corley must be set forth in some detail.
 

 First, in its erroneous attempt to apply the Guidelines, the district court unintentionally under-calculated Corley’s criminal history score as 12. Dissatisfied with this score as a reflection of Corley’s actual criminal history and also dissatisfied with the Guidelines’ recommended sentence of 21-27 months,
 
 [1]
 
 the court recalculated Cor-ley’s criminal history score to be 36 under an “arbitrary [scoring] system,”
 
 Corley,
 
 967 F.2d at 105, that had no relation to the Guidelines’ scoring system. The court’s calculation of 36 was thus not actually a “misapplication” of the Guidelines; rather, it was in total disregard of the Guidelines’ mechanism for calculating a defendant's criminal history score.
 

 The Guidelines’ recommended sentencing ranges are based on a combination of a defendant’s criminal history
 
 category
 
 of IVI — which is determined by a defendant’s criminal history
 
 score
 

 [2]
 

 — and the offense level for the crime committed. Because the minimum criminal history score necessary for placement in Category VI (the highest of the six categories) is 13, the district court’s miscalculated score of 36 yielded a recommended sentence of 24-30 months, which would have been the same recommended sentence had Corley’s score been correctly calculated at 21. The district court considered that range to be inadequate in view of Corley’s extensive criminal history. Therefore, the court felt compelled to depart upward from the high end of the range (30 months) to 48 months.
 

 Of course, a decision to depart upward is not a misapplication of the Guidelines. However, in Corley’s case, the district court’s rationale for the selection of the 48 month figure is significant for our analysis under
 
 Williams.
 
 In sentencing Corley to 48 months, the court noted that “[i]n your case, the criminal history points [under the court’s own arbitrary scoring system]
 
 *187
 
 would be more than double the [minimum] points assigned to criminal history category 6 [i.e., 13], and thus the assigned imprisonment range of 24 to 30 months could be doubled to 48 to 60 months.” Thus, the 48 month sentence was “a result of” a misapplication of the Guidelines,
 
 Williams,
 
 — U.S. at-, 112 S.Ct. at 1120, even though the court did not err in placing Corley in Category VI.
 

 The Government, however, argues that “[t]he artificial [calculations] that the trial court went through with regard to the defendant’s criminal history [score] are irrelevant. What is relevant and determinative ... is that the court first considered Category VI, but rejected it because it ... under[-]represented the defendant’s past criminal conduct.” We disagree with the Government’s characterization of the district court’s arbitrary scoring as irrelevant. Although the court’s own scoring system was — albeit unwittingly — correct to the extent that the court placed Corley in Category VI, the court’s articulated basis for departing upward to 48 months was premised on a total disregard for the Guidelines criminal history scoring mechanism.
 

 We cannot say with assurance that, had the district court correctly calculated Cor-ley’s criminal history score to be 21 — rather than 36 — it would have departed upward to 48 months. Our conclusion is specifically based on the court’s observation that the score of 36 was “more than double” the minimum score of 13 necessary to place a defendant in Category VI. The difference between 21 and 36 is, therefore, quite significant. Had the court calculated the correct criminal history score of 21 in the first place, the court might not have felt the need to “double” Corley’s sentencing range. The differential between 13 and 21(8) is considerably less the differential between 13 and 36(23).
 
 [3]
 

 We do not intend to imply that the district court, after considering the correct criminal history score of 21, will be foreclosed from departing upward to 48 months in resentencing. Rather, we are only complying with the Supreme Court’s command in
 
 Williams:
 
 We have identified a misapplication of the Guidelines, and it is clear that Corley’s 48 month sentence was imposed “as a result of” the misapplication. We simply cannot say with assurance that an identical sentence would have been imposed had the court correctly applied the Guidelines in the first place.
 

 III.
 

 For the foregoing reasons, we REMAND Corley’s case to the district court for resen-tencing.
 

 [1]
 

 . This recommended sentence resulted from a criminal history category of V and an offense level of 10.
 

 [2]
 

 . Categories I through VI are inclusive of the following criminal history point ranges: Category I (0-1 points); Category II (2-3 points); Category III (4-6 points); Category IV (7-9 points); Category V (10-12 points); Category VI (13 points and higher).
 
 See
 
 U.S.S.G., Sentencing Table, at 280.
 

 [3]
 

 . Indeed, the district court very well might not have totally disregarded the Guidelines mechanism for calculating a criminal history score had the court correctly calculated Corley’s score to be 21 rather than 12. Obviously, the court’s decision to engage in its own arbitrary scoring was the result of its frustration stemming from its erroneous under-calculated score of 12.