IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 94-30145

Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

SALVADOR DiMARCO,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

(February 21, 1995)

Before POLITZ, Chief Judge, and HIGGINBOTHAM and DeMOSS, Circuit
Judges.

PER CURIAM:

Salvador DiMarco contends that the district court erred in
denying the Government's motion for a downward departure under
Section 5K1.1 of the U.S. Sentencing Guidelines because the court
relied upon facts not in evidence. The district court stated,
among other things, that it refused to depart from the guidelines
because the authorities would have been able to identify his
codefendant, Barbara Gray, through independent investigation. The
district court articulated reasons to support its decision,
including the minimal impact of DiMarco's cooperation and DiMarco's
prior criminal history.

We have jurisdiction to review a defendant's challenge to a sentence only if it was imposed in violation of law; was imposed as a result of a misapplication of the sentencing guidelines; was the result of an upward departure; or was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. 18 U.S.C. § 3742(a). The imposition of a lawful sentence coupled with the decision not to depart from the guidelines provides no ground for relief. United States v. Miro, 29 F.2d 194, 198-99 (5th Cir. 1994). Because DiMarco's challenge to his sentence involves only his dissatisfaction with the district court's refusal to grant a downward departure and not a legal error or misapplication of the guidelines, none of the above statutory factors applies, and we lack jurisdiction over his appeal.

A majority of other circuits -- the First, Second, Third, Fourth, Seventh, Eighth, Ninth, Tenth, and Eleventh -- dismiss for lack of jurisdiction appeals challenging discretionary refusals to depart downward from the applicable guideline sentencing range, holding that such claims are unappealable under 18 U.S.C. § 3742. United States v. Patterson, 15 F.3d 169, 171 (11th Cir. 1994); United States v. Higgins, 967 F.2d 841, 844 (3d Cir. 1992); United States v. Hilton, 946 F.2d 955, 957 (1st Cir. 1991); United States v. Soto, 918 F.2d 882, 883 (10th Cir. 1990); United States v. Adeniyi, 912 F.2d 615, 619 (2d Cir. 1990); United States v. Pighetti, 898 F.2d 3, 4-5 (1st Cir. 1990); United States v. Morales, 898 F.2d 99, 101-03 (9th Cir. 1990); United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.), cert. denied, 498 U.S. 819

2

(1990); <u>United States v. Franz</u>, 886 F.2d 973, 976-81 (7th Cir. 1989); <u>United States v. Evidente</u>, 894 F.2d 1000, 1003 (8th Cir.), <u>cert. denied</u>, 495 U.S. 922 (1990); <u>United States v. Denardi</u>, 892 F.2d 269, 272 (3d Cir. 1989).

Section 3742(a) permits a defendant to appeal for review of his sentence in four circumstances: (1) if the sentence was imposed in violation of law; (2) if the sentence was imposed as a result of an incorrect application of the guidelines; (3) if the sentence was due to an upward departure; and (4) if the sentence was imposed for an offense not covered by the guidelines and is plainly unreasonable. 18 U.S.C. § 3742(a). Because claims challenging the discretionary denial of downward departures do not fall within any of the categories listed in Section 3742(a), these circuits determined that such claims are not subject to appellate review and should be dismissed for lack of jurisdiction. These circuits, however, have held that appellate review is available for claims that the district court erroneously believed that it lacked authority to depart from the sentencing guideline range. <u>Patterson</u>, 15 F.3d at 171; <u>Higgins</u>, 967 F.2d at 844; <u>Hilton</u>, 946 F.2d at 957; <u>Soto</u>, 918 F.2d at 884; <u>Adeniyi</u>, 912 F.2d at 619; <u>Morales</u>, 898 F.2d at 102 n.2; <u>Bayerle</u>, 898 F.2d at 30-31; <u>Frantz</u>, 886 F.2d at 980-81; <u>Evidente</u>, 894 F.2d at 1005. Our course has been uneven in our form of dismissal following a determination that we lacked jurisdiction. Today, we clarify that uncertainty in our mode of disposition.

Therefore, the appeal is DISMISSED.

3