**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-50115
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff/Appellee,

versus

NICHELLE RAE BERG,

Defendant/Appellant.

_____

Appeal from United States District Court
for the Western District of Texas
(94-CR-120-ALL)
_____

(September 26, 1995)

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant, Nichelle Rae Berg, appeals the sentence imposed by the district court on the ground that the district judge mistakenly believed he lacked the authority to depart downward from Sentencing Guidelines using the "battered wife syndrome." For the following reasons, we DISMISS the appeal.

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

FACTS

Nichelle Rae Berg was convicted by jury of possession with intent to distribute marijuana and importation of marijuana. Berg moved for downward departure under U.S.S.G. § 5K2.12 at sentencing. Berg alleged that she was entitled to downward departure because her boyfriend subjected her to coercion and duress to commit the offense by his history of physical abuse. Berg contended that she suffered from the "battered woman syndrome," creating a legal consideration for departure under section 5K2.12. In denying Berg's motion for downward departure based on the "battered woman syndrome," the district court stated, "Ms. Scott, Ms. Berg, it gives me no pleasure to deny your request. I could see it if she had gotten in that car and driven over him, and I gladly would have given her a departure." The district court sentenced her at the low end of the sentencing range to thirty (30) months imprisonment and three (3) years supervised release. Berg timely appealed.

DISCUSSION

Berg argues that the district court erred in failing to depart downward under U.S.S.G. § 5K2.12 based on her alleged coercion and duress. The heart of Berg's argument rests on the comment the district court made when denying her request: "I could see it if she had gotten in that car and driven over him, and I gladly would have given her a departure.". Berg contends that the statement reflects the district court's erroneous conclusion that it lacked legal authority to grant such departure. She argues that the district court unquestionably possessed authority under section

2

5K2.12 to depart downward based on coercion and duress inflicted through the "battered woman syndrome;" therefore, Berg presumes that the district court acted entirely under the mistaken belief that physical abuse could be a departure factor only if the offense was committed against her abuser.

On the other hand, the Government argues that Berg draws the wrong inference from the district court's statement. The Government contends that the district court denied departure because it found that Berg did not allege the type of facts that would qualify her for downward departure. Rather than stating a belief that it lacked authority, the Government argues that the district court stated its belief that abuse did not motivate Berg to commit the crime.

Before addressing the merits of Berg's appeal, we must determine whether we have jurisdiction to review it. This Court lacks jurisdiction to review a defendant's challenge to her sentence based on mere dissatisfaction with the court's refusal to grant a downward departure. United States v. DiMarco, 46 F.3d 476, 477 (5th Cir. 1995). However, jurisdiction will lie if the sentencing court's refusal to depart downward was the result of a violation of the law or a misapplication of the guidelines. Id.; United States v. Guajardo, 950 F.2d 203, 207-08 (5th Cir. 1991), cert. denied, 503 U.S. 1009, 112 S. Ct. 1773, 118 L. Ed. 2d 432 (1992).[1] If the Court has jurisdiction to review, legal

---

[1]A court may depart downward from the guidelines only for circumstances not adequately considered by the Sentencing Commission in formulating the guidelines. United States v.

3

conclusions are reviewed <u>de</u> <u>novo</u>, and findings of fact are reviewed for clear error.  <u>United States v. Mourning</u>, 914 F.2d 699, 704 (5th Cir. 1990).

After a review of the record, we find that the record amply demonstrates that the district court knew it had authority to depart from the guidelines using the duress and coercion that epitomizes the "battered wife syndrome."  The statement, when placed in the context of the entire proceeding, manifests that the district court acknowledge that it could have granted the departure using the "battered wife syndrome" if the facts had so justified.

Not surprisingly, the Addendum to Berg's Presentence Report recommends against departure based upon the inapplicability of the "battered wife syndrome" to the extant facts rather than the absence of authority under the Sentencing Guidelines.  The Addendum provides as follows:

> As the Court is aware, although testimony was provided by the defense indicating that Berg had been physically abused by her boyfriend, Jaime, there was never any report to the police nor did she seek medical attention for her injuries resulting from the beatings. Furthermore, the defendant claims her relationship with Jaime, was for approximately one year and three months on a dating basis.  The aspect of Berg's defense which considers her lack of knowledge of the marijuana in the vehicle is totally inconsistent with her being afraid or

<u>Sparks</u>, 2 F.3d 574, 589 (5th Cir. 1993), <u>cert. denied</u>, -- U.S. -- , 114 S. Ct. 899, 127 L. Ed. 2d 91 (1994); <u>see</u> <u>also</u> § 5K2.0.  A factor identified by the guidelines is one that "the Commission has not been able to take into account fully" is coercion and duress.  <u>See</u> §§ 5K2.0, 5K2.12.  The sentencing court may depart downward if "the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense. . . ."  § 5K2.12.

4

> intimidated by her boyfriend, Jaime, into participating in the instant offense. Further, if the defendant had truly been in fear of her life or afraid to participate in the instant offense, she had ample opportunity throughout the series of events to flee or choose not to participate in the instant offense. Although Berg was probably physically abused by Jaime, the circumstances of this offense indicate that Berg was motivated by reasons other than fear to participate in the criminal activity.

We are convinced that the district court was well aware that it had authority to depart, but exercised its discretion not to do so. We cannot say that the district court's decision not to depart using the "battered wife syndrome" in this particular case is clearly erroneous.

Berg's claims clearly underscore her dissatisfaction with the district court's refusal to use the "battered wife syndrome" to depart downward; the claims do not involve legal error or misapplication of the guidelines. Therefore, this Court may proceed no further as it lacks jurisdiction to otherwise consider the denial of the departure. See DiMarco, 46 F.3d at 477.

The appeal is DISMISSED.