IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50084
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID L. BISHOP,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA 93 CR 262
- - - - - - - - - -
April 18, 1996
Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This is an appeal from a guilty-plea conviction for two counts of accepting a bribe to influence the performance of the appellant's official duties in violation of 18 U.S.C. § 201(b)(2). Appellant argues that the district court misapplied the U.S. Sentencing Guidelines because it erroneously believed that it did not have the authority to grant a downward departure under U.S.S.G. § 5K2.13 unless the appellant's diminished mental capacity was the sole cause of the appellant's commission of the

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

offense.  Because the appellant did not object to the district court's refusal to depart downward after the imposition of the sentence, the plain error standard of review applied.  United States v. Vontsteen, 950 F.2d 1086, 1091 (5th Cir.)(en banc), cert. denied, 112 S. Ct. 3039 (1992).  Although the district court used the word "cause" in explaining its decision, the record as a whole indicates that the district court considered all of the evidence presented at the sentencing hearing and determined that a downward departure was not warranted because the appellant's background did not contribute to the commission of the offense.  The record does not indicate that the district court plainly erred in refusing to grant the downward departure.  Id.  This court lacks jurisdiction to review the district court's refusal to grant a downward departure because it was not a violation of the law or a misapplication of the guidelines.  See United States v. DiMarco, 46 F.3d 476, 477 (5th Cir. 1995).

DISMISSED.