**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 96-40321
Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ANTONIO HERNANDEZ-GARCIA;
AMELIO MENDEZ,**

**Defendants-Appellants.**

_____

**Appeal from the United States District Court
for the Southern District of Texas
(USDC No. L-95-226)**

_____

December 19, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Amelio Mendez appeals the denial of his motion for judgment of acquittal on counts two (conspiracy to possess with intent to distribute more than 100 kilograms of marijuana) and four (possession with intent to distribute more than 100 kilograms of marijuana); Antonio Hernandez-Garcia, on those counts and count

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

three (importing more than 100 kilograms of marijuana). We conclude, when all reasonable inferences are viewed in a light supporting the jury's verdict, sufficient evidence exists for all convictions.

Concerning Hernandez-Garcia's challenge to his sentence, we lack jurisdiction to review a district court's refusal to grant a U.S.S.G. § 5K2.0 downward departure, unless it was the result of a violation of law or a misapplication of the Guidelines. *E.g., United States v. DiMarco*, 46 F.3d 476, 477 (5th Cir. 1995). Hernandez-Garcia has not demonstrated either factor was present.

Hernandez-Garcia also claims that the district court erred in failing to grant him a U.S.S.G. § 3B1.2 reduction for minor or minimal role in the offense. But, it was not clear error to find that he was not "substantially less culpable than the average participant". U.S.S.G. § 3B1.2, comment. (backg'd).

*AFFIRMED*