IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30969
Conference Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

TERRY QUINTON BOYLE, also known as
Richard Lloyd Collins,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CR-30003
- - - - - - - - - -
April 16, 1997
Before REAVLEY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

        Terry Quinton Boyle pleaded guilty to conspiracy to possess

with intent to distribute more than 500 grams of cocaine

hydrochloride.  Boyle appeals his sentence.  He contends that the

district court erred in determining that his prior robbery

convictions constituted crimes of violence.  He also contends

that the district court imposed an excessive sentence by choosing

_____

        [*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

the high end of the Sentencing Guideline range.

A defendant is a career offender if he is at least 18 years old at the time of the instant offense; the instant offense is a felony that is either a crime of violence or a controlled substance offense; and he has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1.  Robbery is a "crime of violence." § 4B1.2, comment. (n.2).  Boyle's sentence was not imposed in violation of the law, as a result of a misapplication of the Sentencing Guidelines, and is not "plainly unreasonable." United States v. DiMarco, 46 F.3d 476, 477 (5th Cir. 1995).

Boyle's sentence is AFFIRMED.