IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50206
(Summary Calendar)
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY LEON PALMER,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(USDC No. MO-96-CR-86)
- - - - - - - - - -
January 6, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Gregory Leon Palmer appeals his conviction and sentence for possession with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1). Palmer argues that the district court committed reversible error by failing to instruct the jury on the defense of entrapment as requested. Palmer failed to make a prima facie showing that "the government's conduct created a substantial risk that an offense would be committed by a person other than one ready to commit it," and thus was not

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entitled to an entrapment instruction. See United States v. Bradfield, 113 F.3d 515, 520-21 (5th Cir. 1997).

Palmer next argues that district court erred by failing to depart downwardly from the sentencing guidelines for sentencing entrapment. We lack jurisdiction to review a defendant's challenge to his sentence for mere dissatisfaction with the court's refusal to grant a downward departure. United States v. Palmer, 122 F.2d 215, 222 (5th Cir. 1997); United States v. DiMarco, 46 F.3d 476, 477 (5th Cir. 1995).

Palmer also argues that the district court clearly erred in finding that he indirectly threatened or intimidated witnesses and, as a result, increasing his base offense level for obstruction of justice. The government demonstrated by a preponderance of the evidence that Palmer indirectly threatened and intimidated witness Sarah Baldwin. Despite Palmer's assertions to the contrary, the record reflects that Baldwin identified who made the threat, disclosed the substance of the threat, and directly linked Palmer to the threat. As the district court's finding was not clearly erroneous, that court did not err by applying the obstruction of justice increase. See U.S.S.G. § 3C1.1, comment. (n.3(a)); United States v. Graves, 5 F.3d 1546, 1555 (5th Cir. 1993).

AFFIRMED.