IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41313
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENE RODRIGUEZ-DE LA CRUZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-98-CR-297-1
- - - - - - - - - -

June 15, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Rene Rodriguez-De La Cruz appeals his sentence for illegal entry after deportation, in violation of 8 U.S.C. § 1326. He contends that the district court abused its discretion by denying him a downward departure pursuant to U.S.S.G. § 2L1.2, comment. (n.5).

We lack jurisdiction to review a defendant's challenge to his sentence based upon mere dissatisfaction with the court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

refusal to grant a downward departure.  United States v. DiMarco,
46 F.3d 476, 477 (5th Cir. 1995).  A refusal to depart downward is a violation of law only if the district court mistakenly assumed that it lacked the authority to depart.  United States v. Burleson, 22 F.3d 93, 95 (5th Cir. 1994).

After reviewing the transcript from the sentencing hearing and the arguments on appeal, we find that the district court did not misapprehend its authority to depart but that, instead, its refusal to depart was an exercise of discretion which this court lacks jurisdiction to review on appeal.  DiMarco, 46 F.3d at 477.

APPEAL DISMISSED FOR LACK OF JURISDICTION.