**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-40633
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ERI OCHOA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-97-CR-387-1
- - - - - - - - - -
July 20, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

Jose Eri Ochoa appeals his sentence for conspiracy to export defense articles without a license, in violation of 18 U.S.C. § 371; 22 U.S.C. § 2778; and 22 C.F.R. §§ 121.1, 123.1, 127.1, and 127.3. Ochoa contends that the district court erred in denying him a downward departure based on the nature of his prior convictions and/or on U.S.S.G. § 2M5.2, comment (n.5).

This court lacks jurisdiction to review a defendant's challenge to his sentence based upon mere dissatisfaction with the district court's refusal to grant a downward departure. <u>United</u>

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. DiMarco, 46 F.3d 476, 477 (5th Cir. 1995). Jurisdiction will lie only if the sentencing court's refusal to depart downward was the result of a violation of law or a misapplication of the sentencing guidelines. Id. A refusal to depart downward is a violation of law only if the court mistakenly assumed that it lacked the authority to depart. United States v. Burleson, 22 F.3d 93, 94-95 (5th Cir. 1994). A refusal to grant a departure is an incorrect application of the sentencing guidelines only if the court committed an error that resulted in the selection of a sentence from the wrong guideline range. See United States v. Williams, 503 U.S. 193, 202-203 (1992).

Following a careful review of the record and the arguments on appeal, we hold that the district court neither misapprehended its authority to depart from the guidelines nor selected a sentence from the wrong guideline range. Accordingly, this court lacks jurisdiction to review the district court's refusal to grant Ochoa a downward departure. DiMarco, 46 F.3d at 477.

APPEAL DISMISSED.