IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40896
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELADIO AVALOS-CERVANTES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(B-98-CR-246-1)
_____

July 20, 1999

Before POLITZ, JOLLY, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

In this case, Eladio Avalos-Cervantes argues that the district court erred when it refused a downward departure in his sentencing. The government argues that, because the downward departure was discretionary and the district court did not indicate that it lacked authority to make the departure, we do not have jurisdiction to review Avalos's appeal. We agree with the government and therefore dismiss the appeal.

On May 6, 1998, Avalos pled guilty to charges under 8 U.S.C. § 1326(a) and (b) of illegally entering the country without the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

permission of the Attorney General after having been deported. The presentencing report concluded that his base offense level was 8 and that 16 levels should be added pursuant to U.S.S.G. § 2L1.2(b)(1)(A), because Avalos had been deported after being convicted of possession of cocaine and sentenced to eight years in prison.[1]

During the sentencing hearing, Avalos moved for a downward departure under note 5 of the comment to § 2L1.2 of the Sentencing Guidelines:

> Aggravated felonies that trigger the [16-level] adjustment [under § 2L.2(b)(A)] vary widely. If subsection (b)(1)(A) applies and (A) the defendant has previously been convicted of only one felony offense; (B) such offense was not a crime of violence or firearms offense; and (C) the term of imprisonment imposed for such offense did not exceed one year, a downward departure may be warranted based on the seriousness of the aggravated felony.

The district court denied the motion.

Avalos's sole argument is that the district court erred in refusing to grant a downward departure pursuant to note 5. Avalos argues that the district court erred by concluding that the downward departure did not apply to him because he had been sentenced to a probationary period of eight years. The law is unclear with respect to whether a probationary sentence should count as "a term of imprisonment" under this note.

---

[1]The eight year prison sentence was suspended and Avalos was placed on probation for eight years.

2

With respect to Avalos's argument, however, we first must find that we have jurisdiction to hear this case. We have jurisdiction to review a defendant's challenge to a sentence only if it was imposed in violation of law; was imposed as a result of a misapplication of the sentencing guidelines; was the result of an upward departure; or was unreasonably imposed for an offense not covered by the sentencing guidelines. United States v. DiMarco, 46 F.3d 476, 477 (5th Cir. 1995) (citing 18 U.S.C. § 3742). "The imposition of a lawful sentence coupled with the decision not to depart from the guidelines provides no ground for relief." Id. (citing United States v. Miro, 29 F. 3d 194, 198-99 (5th Cir. 1994)). Jurisdiction will lie only if the sentencing court's refusal to depart downward was the result of a violation of law or misapplication of the Guidelines. Id. A refusal to depart downward is a violation of law only if the court mistakenly assumed that it lacked authority to depart. United States v. Burleson, 22 F.3d 93, 95 (5th Cir. 1994).

Avalos argues that the district court's refusal to grant the downward departure was the result of a misapplication of the guidelines. He contends that the district court denied his motion on the ground that his prior conviction for possession of one and a half grams of cocaine--for which his eight-year sentence was suspended--was an aggravated felony with a term of imprisonment imposed that exceeded one year. Although the government made this argument at the sentencing hearing, there is nothing in the record

3

to indicate that the district court denied the motion on that basis.

In <u>United States v. Landerman</u>, we stated:

> We have jurisdiction to review a district court's decision not to depart downward from the guideline range only if the district court based its decision upon an erroneous belief that it lacked the authority to depart. <u>See</u> <u>United States v. DiMarco</u>, 46 F.3d 476, 478 (5th Cir. 1995). Moreover, something in the record must indicate that the district court held such an erroneous belief. <u>See</u> <u>United States v. Willey</u>, 57 F.3d 1374, 1392 n.32 (5th Cir.1995).

167 F.3d 895, 899 (5th Cir. 1999). In the case at hand, although it is certainly plausible that the district court believed it did not have authority to depart because it concluded that part (C) of the comment was not satisfied, there is nothing in the record to support this conclusion. Based on our precedent, we cannot conclude that the district court believed it was acting without authority without some signal from the district court to that effect. For that reason, we do not have jurisdiction to hear this case.

Our Circuit has established a default rule with respect to discretionary downward departures that, if the district court does not indicate a belief that it lacks authority to depart from the guidelines, we must assume that the district court is acting within its discretion in refusing to depart. Because that is the case here, we do not have jurisdiction to review the current appeal and must therefore dismiss it.

D I S M I S S E D.

4