IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20102
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PITER WILLIAM LONDOÑO DUQUE,
also known as Piter William
Londono, also known as Rafael
A. Jimenez,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CR-H-98-275
--------------------
December 14, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Piter William Londoño Duque was convicted for importation of
heroin and possession with intent to distribute heroin and has
appealed his sentences.  Londoño Duque contends that the district
court erred in refusing to adjust his offense level because of
his minor role in the offense.  The district court's
determination that a defendant did not play a minor or minimal
role in the offense is a fact finding which this court reviews

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

for clear error.  United States v. Brown, 54 F.3d 234, 240 (5th Cir. 1995).  Londoño Duque "bears the burden of proving his minor role in the offense by a preponderance of the evidence."  Id. Londoño Duque was carrying a substantial amount of heroin and was sentenced on the basis of that amount only.  See United States v. Valencia-Gonzales, 172 F.3d 344, 346-47 (5th Cir. 1999), cert. denied, (U.S. Oct. 4, 1999) (No. 99-5249).  Londoño Duque provided no evidence, apart from his own statement, showing that he was substantially less culpable than other participants.  See United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1990). The district court's ruling was not clearly erroneous and is AFFIRMED.

Londoño Duque contends that the district court erred in refusing to depart downward from the guideline imprisonment range, under U.S.S.G. § 5K2.12, p.s., because the offense was committed under duress.  The district court refused to depart downward because it found Londoño Duque's suggestion of coercion implausible. "The district court did not refuse to depart in violation of law or because of a mistaken application of the guidelines, nor did it do so out of a mistaken belief that it lacked the power to do so."  United States v. Morgan, 117 F.3d 849, 860-61 (5th Cir. 1997).  Under these circumstances, this court lacks jurisdiction to review the district court's refusal to depart downward.  Id. at 861 (citing United States v. Leonard, 61 F.3d 1181, 1185 (5th Cir. 1995), and United States v. DiMarco, 46 F.3d 476, 478 (5th Cir. 1995)).  This portion of the appeal is DISMISSED.  DiMarco, 46 F.3d at 478.

AFFIRMED IN PART; DISMISSED IN PART.