IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41107
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TONY LEE GAUT,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:99-CR-3-1
--------------------
June 16, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

    Tony Gaut appeals from his guilty-plea conviction of
possession with intent to distribute and distribution of cocaine
base.  He argues that the district court erred in sentencing him
at the high end of the applicable Guideline range.  This court
lacks jurisdiction to review this issue, as it does not involve a
contention that the sentence was imposed in violation of law; was
imposed as a result of a misapplication of the sentencing
guidelines; was the result of an upward departure; or was imposed
for an offense for which there is no sentencing guideline and is

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

plainly unreasonable.  <u>United States v. DiMarco</u>, 46 F.3d 476, 477 (5th Cir. 1995)(citing 18 U.S.C. § 3742).  Review of this issue is also precluded by the waiver of appeal clause found in Gaut's plea agreement.

This appeal comes dangerously close to being frivolous.  Accordingly, Gaut's court-appointed attorney is cautioned against bringing such appeals in the future.  We remind him of his obligations to refrain from raising frivolous issues on appeal and to avail himself of the procedures outlined in <u>Anders v. California</u>, 386 U.S. 738 (1967) for disposing of cases that present no nonfrivolous issues.  <u>See</u> <u>United States v. Humphrey</u>, 7 F.3d 1186, 1191 (5th Cir. 1993).  We also admonish him that all counsel are subject to sanctions for bringing frivolous appeals.  <u>See</u> <u>United States v. Burleson</u>, 22 F.3d 93, 95 (5th Cir. 1994).  This appeal is DISMISSED.