IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41358
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO HERNANDEZ-DIAZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-99-CR-469-1
--------------------
August 14, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ernesto Hernandez-Diaz appeals the district court's refusal to grant a downward departure for mental incapacity, pursuant to U.S.S.G. § 5K2.13.  Hernandez argues that the district court erroneously concluded it lacked the authority to grant such a departure.

We have jurisdiction to review a district court's decision not to depart downward from the applicable guideline range only if the district court's decision was based upon an erroneous belief that it lacked the authority to depart.  See United States

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. DiMarco, 46 F.3d 476, 478 (5th Cir. 1995). In addition, "something in the record must indicate that the district court held such an erroneous belief." United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999).

However, a review of the record persuades us there is no evidence that the district court held such an erroneous belief. Instead, it appears that the district court concluded such a departure was not warranted based on the facts. Therefore, we lack jurisdiction, and this appeal is DISMISSED.