IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20135
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DUNCAN BURTON,

Defendant-Appellant.

- - - - - - - - - -
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-303-9
- - - - - - - - - -
January 16, 2002
Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Duncan Burton appeals his jury convictions and sentences for conspiracy and possession of cocaine with intent to distribute.

The district court did not err in admitting into evidence the cocaine Burton turned over to authorities or in instructing the jury to use the cocaine in its resolution of the conspiracy charge because the ultimate fact of when Burton had withdrawn from the conspiracy had never been determined by a valid and final judgment. United States v. Brackett, 113 F.3d 1396, 1398 (5th Cir. 1997). The principle announced in Apprendi v. New Jersey, 530 U.S. 466

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2000), does not apply as Burton was sentenced within the statutory maximum. See United States v. Cathey, 259 F.3d 365, 368 & n.12 (5th Cir. 2001). The district court did not err in denying Burton's late-hour request for subpoenas because Burton failed to demonstrate the necessity of the named witnesses. See United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982); United States v. Goodwin, 625 F.2d 693, 703 (5th Cir. 1980). The evidence was sufficient to prove beyond a reasonable doubt that Burton knew that he was engaged in drug trafficking. United States v. Medina, 161 F.3d 867, 873 (5th Cir. 1998); United States v. Gonzales, 79 F.3d 413, 423 (5th Cir. 1996).

Because Burton's base offense level was based upon his personal participation in the conspiracy, the district court did not clearly err in denying his request for a minor role adjustment. United States v. Atanda, 60 F.3d 196, 199 (5th Cir. 1995). Finally, because the court did not misapprehend its authority under the Sentencing Guidelines, we lack jurisdiction to review the district court's refusal to grant a downward departure under U.S.S.G. § 5K2.16 based on Burton's voluntary disclosure of his conduct. United States v. DiMarco, 46 F.3d 476, 478 (5th Cir. 1995). That portion of the appeal is DISMISSED. Id.

AFFIRMED IN PART; DISMISSED IN PART.