**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-40195**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**MANUEL OCAMPO GUTIERREZ,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(M-00-CR-450-1)**

_____

January 21, 2002

Before HIGGINBOTHAM, WEINER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Manuel Ocampo Gutierrez appeals his sentence of thirty months' imprisonment after pleading guilty to importation of marijuana. Ocampo maintains this court should vacate his sentence and remand for reconsideration of an aberrant behavior departure because the district court mistakenly believed the sentencing guidelines prohibited such a departure. He correctly notes the guidelines prohibit such departures for serious drug trafficking offenses, defined by the guidelines as only those drug trafficking offenses that result in a mandatory minimum sentence. _See_ U.S.S.G. § 5K2.20

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

& cmt. n.1. Because Ocampo was not subject to a mandatory minimum sentence, he contends the guidelines did not prohibit the departure.

We review the district court's application of the guidelines *de novo* and its findings of fact for clear error. **United States v. Sharpe**, 193 F.3d 852, 872 (5th Cir. 1999), *cert. denied*, 528 U.S. 1173, *and cert. denied*, 528 U.S. 1180, *and cert. denied*, 530 U.S. 1229 (2000). We do not have jurisdiction to review a challenge to a sentence which involves a discretionary "refusal to grant a downward departure and not a legal error or misapplication of the guidelines". **United States v. DiMarco**, 46 F.3d 476, 477 (5th Cir. 1995). Appellate review is available if the district court erroneously believed it lacked the authority to depart. **Id.** at 478.

Had the district court only addressed the applicability of § 5K2.20 in terms of whether Ocampo's conviction constituted a "serious drug trafficking offense", we would conclude denial of the departure constituted error, because Ocampo's was not a serious drug trafficking offense as defined by U.S.S.G. § 5K2.20 cmt. n.1. The district court's comments at sentencing about the facts of this case, however, make it apparent that, based on those facts, even if that court had decided the departure was not prohibited, the court would not have exercised its discretion to depart. "Aberrant behavior" is defined in application note 1 to U.S.S.G. § 5K2.20 as a criminal transaction "committed without significant planning". The district court's statements constitute finding that Ocampo's

2

crime did not meet this criteria.  Accordingly, any error in the district court's interpretation of application note 1 of § 5K2.20 is harmless because, based on the facts in this case, the court would not have departed downward.  FED. R. CRIM. P. 52(a).

**AFFIRMED**