IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 01-11027
Conference Calendar

—————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY A. ROBERTS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CR-125-ALL-L
--------------------
April 11, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Larry A. Roberts ("Roberts") appeals the sentence imposed following his guilty-plea conviction for possession of child pornography.[**] Roberts contends that the district court abused its discretion in denying his motion for a downward departure on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] The Government argues that Roberts validly waived his right to appeal his sentence in his plea agreement. However, the appellate record does not include a copy of the rearraignment transcript, and therefore the record is inadequate to review whether Roberts' appeal waiver was knowing and voluntary and the appeal waiver will not be enforced. See FED. R. CRIM. P. 11(c)(6); United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999).

the ground of diminished mental capacity. The district court sentenced Roberts to 27 months' imprisonment, the lowest sentence under the applicable guideline sentencing range, but determined that a downward departure was not warranted because, after considering the testimony of Roberts' psychiatrist, the court found that Roberts was not suffering from diminished mental capacity.

This court has jurisdiction to review a district court's decision not to depart from the sentencing guidelines only if the court's refusal was based on a violation of the law. United States v. Brace, 145 F.3d 247, 263 (5th Cir. 1998)(en banc); see also United States v. DiMarco, 46 F.3d 476, 477-78 (5th Cir. 1995). This court lacks jurisdiction if the refusal was premised on a determination that a departure was not warranted under the facts of the case. Brace, 145 F.3d at 263. The district court recognized its authority to depart downward but determined that a downward departure was not warranted based on the facts of the case. See id. Therefore, this court lacks jurisdiction to review the district court's denial of Roberts' motion for a downward departure. See DiMarco, 46 F.3d at 477.

APPEAL DISMISSED.