IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41233
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

TERRY PETTY GRANGER

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-01-CR-187-1
--------------------
May 9, 2002

Before KING, Chief Judge, and DAVIS and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

Terry Petty Granger appeals her sentence following her
guilty-plea conviction for possession with the intent to
distribute more than 100 kilograms of marijuana. Granger
challenges the district court's denial of the Government's motion
for a U.S.S.G. § 5K1.1 downward departure based on Granger's
substantial assistance to authorities.

_____

    [*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

This court has jurisdiction to review a sentence only if it was imposed in violation of law, was imposed as a result of an incorrect application of the sentencing guidelines, was due to an upward departure, or was imposed for an offense not covered by the sentencing guidelines and is plainly unreasonable. United States v. DiMarco, 46 F.3d 476, 477-78 (5th Cir. 1995). Granger contends that the district court judge acted in violation of law (1) by failing to consider the five factors enumerated in U.S.S.G. § 5K1.1(a) and to state his analysis on the record and (2) by relying on his personal aversion to U.S.S.G. § 5K1.1 departures rather than on an assessment of Granger's individual case. Since Granger did not assert these arguments in the district court, the plain-error standard of review applies. See United States v. Izaquirre-Losoya, 219 F.3d 437, 441 (5th Cir. 2000), cert. denied, 531 U.S. 1097 (2001).

Granger has not shown that the district court committed plain error and violated the law or misapplied the guidelines. See id.; DiMarco, 46 F.3d at 477-78. The plain language of U.S.S.G. § 5K1.1(a) states only that the district court's reasons for determining "the appropriate reduction" under the guideline "may include" consideration of the five enumerated factors. And the guideline's commentary requires only that the district court state its reasons "for reducing a sentence under this section." U.S.S.G. § 5K1.1, comment. (backg'd). Likewise, this court has held that if the spread of the applicable guideline range is less

than 24 months, as is the case here, the district court is not statutorily required to state its reasons for imposing a sentence at a particular point within that range. United States v. Richardson, 925 F.2d 112, 117, n.13 (5th Cir. 1991).

Finally, while the district court is required to evaluate the defendant's case on an individual basis before denying a U.S.S.G. § 5K1.1 motion for downward departure, the transcript of Granger's sentencing hearing demonstrates that the district court did in fact consider Granger's criminal history, her role in the offense, and the nature, extent, and significance of her assistance to authorities in this case. See U.S.S.G. § 5K1.1, comment. (backg'd); United States v. Johnson, 33 F.3d 8, 9 (5th Cir. 1994). Granger's appeal is therefore dismissed for lack of jurisdiction. See DiMarco, 46 F.3d at 478.

APPEAL DISMISSED.