IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10239
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL MEADOWS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CR-353-ALL-P

_____

August 16, 2002

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[1]

Michael Meadows appeals his sentence following his guilty plea to bank robbery. He argues that the district court erred in refusing to downwardly depart pursuant to U.S.S.G. § 5K2.20 for "aberrant behavior." We lack jurisdiction to review a refusal to depart downward, unless the district court's refusal was based on

_____

[1]Pursuant to 5TH CIR. R.47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a mistaken belief that it lacked the power to do so. *United States v. Cooper*, 274 F.3d 230, 248 (5th Cir. 2001). The record indicates that the district court was aware that it had the authority to award a downward departure, but it did not believe that Meadows's case was an extraordinary one warranting such action.[2] Therefore, we are without jurisdiction to review that determination. *See United States v. DiMarco*, 46 F.3d 476, 478 (5th Cir. 1995).

APPEAL DISMISSED.

---

[2]Appellant points out the district court's use of "spontaneity" in evaluating his conduct and urges us to reject that standard in light of *United States v. Gonzalez*, 281 F.3d 38 (2d Cir. 2002). Regardless of the court's choice of words, we are satisfied the district court felt the case did not warrant downward departure due to the appellant's failure to show he committed the offense "without significant planning." *See* U.S.S.G. § 5K2.20. In *Gonzalez*, by contrast, the district court *expressly* stated its ruling was as a matter of law and that it would likely depart if it had discretion to do so. *Id*. at 42.