IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11152
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY LEE THOMPSON,
also known as "Chief",

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:01-CR-10-ALL-C
--------------------
August 21, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Jerry Lee Thompson appeals his conviction for possession
with intent to distribute less than five grams of crack cocaine
within 1,000 feet of a playground and aiding and abetting. He
argues that the court should presume that the district court was
not aware that it had the authority to depart downward from the
guideline sentencing range because the district court did not
directly address the factors that Thompson asserts warrant a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

departure in his case. He argues that his lack of sophistication and education, poor background, age, and poor health are factors that warranted the departure.

Although the district court did not specifically state the reasons why it was denying Thompson's motion for departure, there is nothing in the record to suggest that the district court mistakenly believed that it could not depart downward. The district court's statements at sentencing and in its written judgment and the sentence imposed in the middle of the guideline sentencing range reflect its determination that Thompson's extensive past criminal history warranted the application of the Career Offender provisions and the imposition of the increased sentence. The record reflects that the district court determined that a departure was not warranted under the facts of the case. See United States v. Brace, 145 F.3d 247, 263 (5th Cir. 1998)(en banc).

Because there is no indication in the record that the district court believed that it lacked the authority to depart downward, the appeal is DISMISSED for lack of jurisdiction to review the district court's denial of Thompson's departure request. See United States v. DiMarco, 46 F.3d 476, 477-78 (5th Cir. 1995).

APPEAL DISMISSED.