UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40284
_____

UNITED STATES OF AMERICA,

Plaintiff- Appellee

v.

LATORSHA JINENE THOMAS,

Defendant - Appellant

_____

Appeal from the United States District Court
For the Eastern District of Texas, Beaumont
1:01-CR-11-ALL
_____

January 8, 2003

Before HIGGINBOTHAM, DAVIS, Circuit Judges, and Hudspeth,
District Judge.[*]

PER CURIAM:[**]

I.

Thomas appeals her conviction for conspiracy to distribute,

and to possess with the intent to distribute, fifty grams or more

_____

[*] District Judge of the Western District of Texas, sitting by
designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of cocaine base in violation of 21 U.S.C. §§ 841(a)(1)and 846. Following a jury trial, the district court sentenced Thomas to 235 months in prison and five years of supervised release.

Thomas appeals her conviction on several grounds.  First, Thomas contends there was insufficient evidence to support her conviction and that the district court erred in overruling her motion for an instructed verdict.  Second, Thomas contends that the district court erred in calculating the drug quantity for sentencing purposes and erred in overruling her objection to the Presentence Investigation Report which she alleges attributed an excessive amount of controlled substance to Thomas.  Third, Thomas contends the district court erred in denying her motion for a downward departure based on her family circumstances.  We affirm both Thomas's conviction and sentence.

## II.

Beaumont police officers stopped Ronald Ross and Greginald Jones on Interstate Highway 10 in March 2000.  During the stop, police searched the vehicle and discovered 305 grams of crack cocaine.  The police arrested both men.

Shortly after his arrest, Ross decided to cooperate with the police and named Thomas as his source for the drugs.  Ross informed investigators that he and Jones had purchased crack cocaine from Thomas in Houston on several occasions.  Ross

2

explained that the parties coordinated the drug transactions using cellular phones, and that he would travel from Crowley, Louisiana, to Houston, Texas, to retrieve the drugs from Thomas.

Ross contacted Thomas as part of a sting operation and arranged another purchase of crack cocaine. Although Ross and Thomas never completed the transaction, police made recordings of telephone conversations concerning the transaction.

A grand jury indicted Thomas for conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846. Both Ross and Jones testified about the conspiracy at Thomas's trial. A jury convicted Thomas, and the district court sentenced Thomas at the minimum guideline range of 235 months in prison and five years of supervised release.

## III.

Thomas contends there was insufficient evidence to support her conviction and the district court erred in overruling her motion for an instructed verdict. Although Thomas moved for a judgment of acquittal after the Government presented its case-in-chief, she failed to renew her motion after she presented her defense and at the close of all the evidence. Therefore, this court's review of the sufficiency of the evidence is limited to determining "whether there was a manifest miscarriage of justice." United States v. McIntosh, 280 F.3d 479, 483 (5th

3

Circ. 2002) (internal citation omitted). "That occurs only where the record is devoid of evidence pointing to guilt or contains evidence on a key element of the offense [that is] so tenuous that a conviction would be shocking." Id. (internal quotation marks and citation omitted).

Thomas argues that the evidence was insufficient to support her conviction because the Government failed to establish that there was a conspiracy or that she participated in it. At Thomas's trial, Ronald Ross and Greginald Jones testified that on three occasions in March 2000, Thomas "fronted" them various amounts of cocaine base, including the 305 grams of cocaine base authorities seized from Ross and Jones on March 14, 2000. Ross and Jones identified Thomas's voice on recordings made by the Government in the sting operation. The Government presented telephone records showing a pattern of telephone activity corroborating the testimony of Ross and Jones. The record thus contained sufficient evidence to establish that Thomas conspired with Ross and Jones to distribute, and to possess with the intent to distribute, cocaine base. Additionally, Thomas argues that the Government presented insufficient evidence to prove that venue in the Eastern District of Texas was proper. However, Thomas waived this issue on appeal by failing to raise a proper objection to venue before the jury's verdict. See United States

4

v. _Carbajal_, 290 F.3d 277, 288-89, (5th Cir. 2002), petition for cert. filed (U.S. Jul. 18, 2002) (No. 02-5898).

For these reasons, Thomas failed to demonstrate that her conviction based on the evidence presented was a manifest miscarriage of justice. We therefore affirm Thomas's conviction.

IV.

Thomas contends next that the district court clearly erred in calculating her drug quantity for sentencing purposes. Thomas argues that the testimony of Ross and Jones, both of whom were admitted drug dealers seeking favorable treatment, was not sufficiently reliable to permit the district court to calculate a specific quantity of drugs.

A district court's determination regarding the quantity of drugs on which the defendant's sentence should be based is a factual finding reviewed for clear error. _United States v. Morris_, 46 F.3d 410, 422 (5th Cir. 1995)(citing _United States v. Mitchell_, 964 F.2d 454, 457 (5th Cir. 1992)). In making its sentencing decisions, a "district court may consider any relevant evidence 'without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.'" _United States v. Davis_, 76 F.3d 82, 84 (5th Cir. 1996) (citing U.S.S.G. § 6a1.3; _United States v. Michael_, 894

F.2d 1457, 1461-62 (5th Cir. 1990)).

A Presentence Report ("PSR") is considered reliable and may be treated as evidence by the court when making sentencing determinations. United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995). If no rebuttal evidence is submitted to refute the information in the PSR, the sentencing court is free to adopt that information as its findings without further inquiry or explanation. Id. The defendant bears the burden of demonstrating that information the district court relied on at sentencing is "materially untrue." Davis, 76 F.3d at 84 (citing United States v. Vela, 927 F.2d 197, 201 (5th Cir. 1991)).

The PSR determined that Thomas had conspired with Ross and Jones to distribute 1,139 grams, or 1.13 kilograms, of cocaine base. Thomas objected at trial to the PSR's drug-quantity determination, arguing that although the PSR related that she delivered cocaine base to Ross on four occasions in October 1999, she could not have done so because, as the PSR also indicated, she was incarcerated during October 1999. Thomas further asserted that there was no scientific evidence regarding any amounts of cocaine base other than the 305 grams seized from Ross and Jones on March 14, 2000. The PSR addendum stated that the probation officer's drug-quantity determination was based upon statements provided by Ross during debriefings with Drug

Enforcement Administration agents and the United States Attorney's Office and that those statements were corroborated by the trial testimony of Ross and Jones and other evidence presented at trial, such as phone records.

At sentencing, Thomas renewed her objection to the PSR's drug-quantity determination, but did not present any rebuttal evidence. Concluding that the PSR was based upon information of sufficient trustworthiness and reliability, the district court adopted the PSR's drug-quantity determination and overruled Thomas's objection.

The district court was free to adopt the PSR's determination without further inquiry because Thomas failed to present any evidence at sentencing to support her objection to the PSR's drug-quantity determination. Accordingly, the district court did not clearly err in determining the amount of drugs attributable to Thomas for sentencing purposes.

V.

Finally, Thomas argues that the district court erred in denying her motion for a downward departure based on her family circumstances. Thomas asserts that the district court failed even to consider family obligations as a circumstance that could lead to a departure.

This court lacks jurisdiction to review a defendant's

7

challenge to his sentence based upon mere dissatisfaction with the district court's refusal to grant a downward departure. United States v. DiMarco, 46 F.3d 476, 477 (5th Cir. 1995). Jurisdiction will lie, however, if the sentencing court's refusal to depart downward was the result of a violation of law in that the court mistakenly assumed that it lacked the authority to depart. United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999). But to establish such a violation of law, the record must indicate that the district court held the erroneous belief that it lacked the authority to depart. Id.

"Family ties and responsibilities . . . are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.6, p.s. (2002). Unless there are unique or extraordinary circumstances, it is improper for the district court to depart downward from the guideline range based on the defendant's parental responsibilities. United States v. Brown, 29 F.3d 953, 961 (5th Cir. 1994).

Thomas contends that the district court's belief that it had no authority to consider family circumstances as a possible ground for departure is evidenced by the district court's statement that:

> And there's a lot of literature on this recently on family obligations, whether they should or

8

>  should not play any part, and that is even
>  going to be the subject of some forthcoming
>  possible change in the guidelines.  But
>  they've not changed yet, and they're to be
>  treated equally, . . . depending on the drug
>  amount.

We disagree. We do not read Judge Howell Cobb's statement as expressing a belief that the court could not downwardly depart; rather, we view this as a statement that literature and guideline changes were available or expected to give guidance to the court on when a departure is justified because of family circumstances. We therefore affirm the district court's denial of Thomas's motion for a downward departure based on her family circumstances.

## VI.

For the reasons stated above, we affirm Thomas's conviction and sentence.

AFFIRMED.