United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41096
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA DELOURDES SOUTHERLAND,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-591-2
---------------------

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Maria De Lourdes Southerland (Southerland) appeals the 31-month sentence she received following her guilty-plea conviction for possession of more than 500 grams of cocaine with intent to distribute. She asserts that the district court erred in assessing a two-level enhancement under U.S.S.G. § 3B1.1(c) based upon her role in the offense. She has not established that the district court clearly erred in imposing the enhancement. See

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Posada-Rios, 158 F.3d 832, 878 (5th Cir. 1998). This portion of the judgment is AFFIRMED.

Southerland also contends that the district court erred in denying her motion for a downward departure based upon aberrant behavior. Because Southerland was convicted of a "serious drug trafficking offense," she was not entitled to such a departure. See U.S.S.G. § 5K2.20 & comment. (n.1). The district court therefore was not mistaken in its belief that it lacked authority to depart. See United States v. DiMarco, 46 F.3d 476, 477 (5th Cir. 1995). Because this court lacks jurisdiction to review the district court's refusal to depart downward, this portion of the appeal is DISMISSED.

AFFIRMED IN PART; DISMISSED IN PART.