United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 6, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10330
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO RAMIREZ-VILLANUEVA,
also known as Alex Luna,
also known as Victor Gayton, Jr.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CR-401-ALL-K
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Eduardo Ramirez-Villanueva ("Ramirez-Villanueva") appeals his sentence following his guilty plea conviction for illegal reentry into the United States following deportation. Ramirez-Villanueva argues that the district court violated FED. R. CRIM. P. 32 because it did not explicitly deny his motion for a downward departure at his sentencing hearing.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

At the sentencing hearing, the district court heard arguments regarding Ramirez-Villanueva's motion for a downward departure. The district court said nothing, but it did not depart downwards, implicitly denying the motion when it sentenced Ramirez-Villanueva within the applicable guidelines range. Nothing in the record indicates that the district court's refusal to depart downward from the sentencing guidelines was based on a mistaken belief that it lacked the authority to do so. See United States v. Aggarwal, 17 F.3d 737, 745 (5th Cir. 1994). Therefore, we are without jurisdiction to review the district court's refusal to depart downward. See United States v. DiMarco, 46 F.3d 476, 478 (5th Cir. 1995).

APPEAL DISMISSED.