IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10127
No. 95-10128
No. 95-10129
Summary Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus


JUAN GILBERTO GIRALDO,

                                        Defendant-Appellant.

        ******************************************************

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus


MARGARITA ELENA RESTREPO,

                                        Defendant-Appellant.

        ******************************************************

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE ANIBAL VIDAL,

                                        Defendant-Appellant.


                    - - - - - - - - - -
          Appeal from the United States District Court
                for the Northern District of Texas
                    USDC No. 3:94-CR-043-R
                    - - - - - - - - - -

May 21, 1996

Before WIENER, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In these consolidated appeals, Juan Giraldo, Margarita Restrepo, and Jose Vidal appeal their sentences for conspiracy to distribute cocaine. Giraldo and Vidal contend that the district court erred by attributing to them more than 142 kilograms of cocaine. Giraldo, Vidal, and Restrepo contend that the district court erred by denying them downward adjustments for their roles in the offense; erred by upwardly adjusting their offense levels for possession of a firearm; and erred by denying them downward departures based on their deportable-alien status. We have reviewed the records and the briefs of the parties and we find no reversible error.

First, the attribution of 440 kilograms of cocaine to Giraldo and the attribution of 646 kilograms of cocaine to Vidal was not clearly erroneous. *See United States v. Maseratti*, 1 F.3d 330, 340 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1096, *and cert. denied*, 114 S. Ct. 1552, *and cert. denied*, 115 S. Ct. 282 (1994). Second, Giraldo's, Restrepo's, and Vidal's sentences were based on amounts of cocaine closely linked to their participation in the conspiracy. The district court's denial of

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

an adjustment for a mitigating role in the offense was not clearly erroneous.  *See United States v. Atanda*, 60 F.3d 196, 199 (5th Cir. 1995); *United States v. Zuniga*, 18 F.3d 1254, 1261 (5th Cir. 1994).  Third, the district court's finding that Giraldo, Restrepo, and Vidal possessed a gun in connection with their drug offense was not clearly erroneous.  *See United States v. Mitchell*, 31 F.3d 271, 278 (5th Cir.), *cert. denied*, 115 S. Ct. 455, *and cert. denied*, 115 S. Ct. 649 (1994), *and cert. denied*, 115 S. Ct. 770, *and cert. denied*, 115 S. Ct. 953 (1995). Finally, we lack jurisdiction to consider the appellants' contention that the district court should have granted them downward departures based on their alien statuses, *United States v. DiMarco*, 46 F.3d 476, 478 (5th Cir. 1995); we therefore dismiss their downward-departure claim.  *Id.*

AFFIRMED IN PART; DISMISSED IN PART.